IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELITE WHEEL DISTRIBUTORS, INC.,

    Plaintiff,                                Case No.:

vs.

PARTS ID, INC.,

    Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, Elite Wheels Distributors, Inc. ("Plaintiff"), by and through its undersigned attorneys, hereby sues Defendant, Parts iD, Inc. ("Defendant"), and in support thereof, respectfully states as follows:

### Nature of the Action; Jurisdiction, Venue, & Parties

1. This is an action for breach of contract, account stated, and unjust enrichment under Florida law.

2. Plaintiff is and, at all relevant times, was a corporation incorporated under the laws of the State of Florida, United States, having its principal place of business in the State of Florida, United States.

3. Defendant is a corporation incorporated in the state of Delaware, with a principal place of business in Cranbury, New Jersey.

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), based on complete diversity of citizenship

1

between Plaintiff and Defendant, and because the amount in controversy in this action exceeds $75,000, USD.

5. This Court has personal jurisdiction over Defendant pursuant to the Florida Long-Arm Statute, § 48.193. Defendant conducts and solicits business inside Florida state lines; entered into a contract with a Florida resident, Plaintiff, that Defendant breached by failing to perform payment obligations in and directed to Florida; and committed breaches, tortious acts, and omissions which caused injury to Plaintiff in Florida.

6. Venue is proper in this Court pursuant to either of 28 U.S.C. § 1391(b)(1) or (2), and 28 U.S.C. § 1391(c)(2).

## Facts Common to All Counts

7. Plaintiff is a Florida-based designer, manufacturer, and distributor of wheels and wheel accessories, and a distributor of tires, in the automobile aftermarket industry.

8. Defendant is a digital commerce company and automobile aftermarket industry retailer, and a business-to-business customer of Plaintiff.

9. Defendant placed multiple orders for wheels, tires, and wheel accessories with Plaintiff, on terms, at prices agreed to by Plaintiff and Defendant, between June and October 2022, and again in January and February 2023.

    a. Plaintiff initially ceased accepting purchase orders from Defendant due to non-payment of invoices, as described further below, after October 2022.  Defendant approached Plaintiff in circa January 2023 and requested to resume making purchase orders from Plaintiff, in exchange for beginning to make regular weekly payments on its outstanding balance with Plaintiff for the June through October 2022 orders (which such balance Defendant accepted and did not contest during these discussions). Plaintiff agreed to this arrangement, and Defendant placed fifteen additional orders with Plaintiff in late January and early February 2023, which Plaintiff timely fulfilled and delivered to Defendant.  Defendant never made the promised weekly payments to Plaintiff, nor did Defendant pay Plaintiff for the additional products it ordered and received in January and February 2023.

10.    The applicable products identified on and associated with such orders and accompanying invoices for payment, which such invoices are attached and incorporated hereto as Composite Exhibit 1, were timely delivered to Defendant at its Cranbury, New Jersey, location.

11.    Defendant took possession of the products from Plaintiff.

12.    Plaintiff presented Defendant with invoices for payment for each of these orders/products, which such invoices are past due and

owing in part or in full, and which such invoices were not and have not been objected to by Defendant.

13. The combined unpaid balance of the outstanding invoices is at least $167,628.71, USD.  *See* Composite Exhibit 1.

14. Defendant has not made full payment for the products it ordered from Plaintiff, but has subsequently kept possession of those products.

15. Defendant has made no complaints about the ordered/invoiced products' fitness or quality.  Moreover, all of Plaintiff's products were in perfect condition when they were delivered and received by Defendant.

16. Plaintiff did not consent to Defendant keeping possession of its products without full payment.

17. In light of all of the above, Plaintiff alleges the following causes of action:

## Count I
## Breach of Contract

18. Plaintiff hereby incorporates the allegations in paragraphs 1 through 17 as if fully set forth herein.

19. This cause of action seeks money damages against Defendant for breach of contract under Florida law.

20. Plaintiff and Defendant entered into purchase contracts/orders, as set forth in the attached invoices at Composite Exhibit 1.

21. Plaintiff fully performed each and all of its obligations under the contracts.

22. Defendant materially breached the contracts by failing to render full payment.

23. Defendant's above breaches directly and proximately damaged Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant for compensatory damages of at least $167,628.71, USD, and for any further and consequential damages in amounts to be determined at trial, as well as interest, costs, and for such further and other relief as this Court may deem necessary and appropriate.

### Count II
### Account Stated

24. Plaintiff hereby incorporates the allegations in paragraphs 1 through 17, as if fully set forth herein.

25. This cause of action seeks money damages against Defendant for account stated under Florida law, including as an alternative to Count I.

26. Before this action was instituted, Plaintiff and Defendant made business transactions between them as set forth in each of the

invoices provided at Composite Exhibit 1, which such transactions created a financial liability for Defendant.

27. Plaintiff and Defendant agreed to the resulting balances for each of the transactions memorialized in each of the invoices attached at Composite Exhibit 1.

28. Plaintiff rendered each of the invoices listed at Composite Exhibit 1 to Defendant, and Defendant has never objected to any of those invoices.

29. Defendant promised, expressly or implicitly, to pay the balances due for each of the Composite Exhibit 1 invoices, and has not paid those balances.

30. Defendant owes Plaintiff at least $167,628.71, USD, arising out of its transactions and accompanying outstanding invoices with Plaintiff set forth at Composite Exhibit 1.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant for compensatory damages of at least $167,628.71, USD, and for any further and consequential damages in amounts to be determined at trial, as well as interest, costs, and for such further and other relief as this Court may deem necessary and appropriate.

### Count III
### Unjust Enrichment

31. Plaintiff hereby incorporates the allegations in paragraphs 1 through 17, as if fully set forth herein.

32. This cause of action seeks money damages against Defendant for unjust enrichment under Florida law, including as an alternative to Counts I and II.

33. Plaintiff conferred benefits on Defendant, in the manner pled herein, and including in connection with the fifteen additional purchase orders made by Defendant and fulfilled by Plaintiff in January and February 2023.

34. Defendant had knowledge thereof the benefits conferred on it by Plaintiff.

35. Defendant voluntarily accepted and retained these benefits conferred by Plaintiff.

36. Plaintiff only agreed to confer these benefits based on promises made to Plaintiff by Defendant, as pled herein.

37. Under the circumstances pled herein, it would be inequitable for Defendant to retain these benefits conferred on it by Plaintiff without paying the value thereof to Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant for compensatory damages of at least $167,628.71, USD, and for any further and consequential damages in amounts to be determined at trial, as well as interest, costs, and for such further and other relief as this Court may deem necessary and appropriate.

## **Trial by Jury**

Plaintiff requests trial by jury for all counts herein alleged so triable.

Dated:  May 23, 2023                                                       Respectfully submitted,


| | |
|---|---|
| */s/ Leighton Leib* | */s/ David Knox* |
| LEIGHTON LEIB | DAVID KNOX |
| Florida Bar No. 011926 | Florida Bar No. 0093779 |
| lleib@knoxleib.com | dknox@knoxleib.com |

**KNOX♦LEIB, PLLC**
514 N. Franklin Street, Ste 205
Tampa, Florida 33602
(813) 252-3622

*Attorneys for Plaintiff*